**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**FOLIAR NUTRIENTS, INC.,**
        **Plaintiff,**

-vs-                                              **Case No. 6:04-cv-346-Orl-28DAB**

**PLANT FOOD SYSTEMS, INC.,**
        **Defendant.**
_____

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **JOINT MOTION FOR LEAVE TO FILE CONFIDENTIAL MATERIALS UNDER SEAL (Doc. No. 62)**
>
> **FILED:**     April 18, 2005
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

In its motion, the parties contend that they "believe the information contained in their respective Motions [as yet unfiled motions to compel, tendered to the Court for *in camera* review] to be confidential" trade secrets, and therefore, ask the Court to allow filing of the motions under seal. The proposed motions would be untimely. Moreover, the Court has reviewed the unfiled motions, and even if tardy filing were allowed, there is little, if any, content that could conceivably be entitled to a sealed filing.

Plaintiff's proposed motion would seek to compel production of Defendant's financial statements and tax returns. While an argument can be made that the actual tax returns themselves may

be confidential, the fact that Plaintiff is *seeking production* of the information is not.  Discovery requests are not, in and of themselves, "trade secrets" nor has Plaintiff identified any other aspect of its motion that is worthy of such special treatment.

As for Defendant's proposed motion to compel, Defendant seeks to discover communications between Plaintiff's principal and the sole inventor of the subject of the Patents at issue and their patent attorneys, relating to the prosecution of the Patents with respect to prior art references.  The grounds asserted by Plaintiff to prohibit the discovery are work product and attorney client privilege.  As above, while a privilege may or may not apply with respect to the communications themselves, no privilege applies to the fact that Defendant is seeking to disclose them.  To the extent that the motion contains references to attached prior art, such prior art is the *published* work of *other* parties, and, as such, cannot be a "trade secret" of either litigant.  The motion also references matters such as the Patents themselves, which are already in the public record, and presents argument and citations to authority that are certainly not secret or otherwise entitled to protection.

The fact that the parties have adopted a wholesale approach that everything involved in discovery is confidential does not make it so.  The burden is on the parties to establish that *specific* information is entitled to protection.  No such showing has been made here. The motion to seal is **denied.**  The Clerk is directed to return the tendered motions to compel to the parties.

**DONE** and **ORDERED** in Orlando, Florida on April 21, 2005.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record